**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

| | |
|---|---|
| In Re: | CASE NO.: 02-00724 |
| UNIVERSITY CENTRE HOTEL, INC. | CHAPTER 11 |
| Debtor. | |
| _____/ | |
| UNIVERSITY CENTRE HOTEL, INC., and REGENCY SAVINGS BANK, Plaintiffs | Adv. Pro. 03-01400-LMK |
| v. | |
| P.C.D. CONSTRUCTION, INC. and PETER DAUTEL, AS AN INDIVIDUAL, Defendants | |
| _____/ | |

**ORDER DENYING P.C.D.'S MOTIONS FOR AWARD OF ATTORNEY'S FEES AND COSTS**

THIS MATTER came before the Court for hearing on March 3, 2005, upon P.C.D. Construction, Inc., and Peter Dautel's (collectively, P.C.D.) Renewed Motion for Award of Attorney's Fees and Costs, filed on January 31, 2005, (the Motion).[1] (Doc. 180) This Court has jurisdiction over this matter and this is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b). For the reasons set forth herein, P.C.D.'s Motion shall be denied.

**FACTS**

The Debtor is a Florida corporation formerly engaged in the business of operating a hotel. Regency Savings Bank (Regency) is a secured creditor of the Debtor, having the first lien on real estate, personal property, furniture, fixtures, equipment, accounts, cash and other collateral used in the operation of the Debtor. The Debtor filed its Chapter 11 bankruptcy petition in this Court on

---

[1] As indicated by the title of the Motion, it references and incorporates three prior motions of P.C.D. for attorney's fees: the first, filed March 24, 2004 (Doc. 24), the second, filed April 16, 2004 (Doc. 42), and the third, filed August 13, 2004. (Doc. 162).

October 18, 2002. Although initially the Debtor continued the business as a Debtor-in-Possession, eventually it was not able to continue. Thus, the Debtor and Regency began marketing the Debtor's property, which consisted of a 183-unit, 11-story hotel (the Hotel), together with a 276-car parking garage, and the property located adjacent to the hotel, consisting of a vacant parcel of approximately 1.4 acres (collectively, the Property).

On March 3, 2003, the Debtor entered into a contract to sell the Property (the Contract) to P.C.D. Construction, Inc., for a total price of $8,750,000.00. This Court entered an order approving the sale of the Property on June 3, 2003, and on June 13, 2003, amended that order to retain jurisdiction to enforce the provisions of the Contract. On August 18, 2003, P.C.D. transmitted a letter to the Debtor indicating that it was terminating the Contract. Since entering into the Contract, P.C.D. had discovered material structural deficiencies and environmental problems with the Hotel which led to its decision to rescind the Contract. After P.C.D. notified the Debtor of its intent to rescind the Contract, the Debtor and Regency brought this adversary proceeding to enforce it. Regency asserted its standing to participate in this action because it was affected by the sale of the Property and had rights under the Contract, as it had the first lien on the Property and consequently the proceeds from the sale of the Property. The parties commenced discovery and both the plaintiffs and the defendants filed motions for summary judgment. After a hearing on the matter, the Court entered an order granting P.C.D.'s motion for summary judgment on July 30, 2004 (Doc. 153), based on the Court's finding of fraud in the inducement. The Court found that P.C.D. was fraudulently induced to enter into the Contract by the warranty language in the Second Addendum to the Contract, in which the Debtor made material misrepresentations of the condition of the Hotel. The Debtor warranted that it knew of no material structural defects or environmental problems, when the Debtor either actually knew or should have known of the defects.

Both the Debtor and Regency appealed the order granting summary judgment to P.C.D. The Debtor and P.C.D. then entered into a settlement agreement, which was approved by this Court after hearing on December 15, 2004, in which P.C.D. was allowed a $25,000 administrative expense claim

in the Debtor's bankruptcy case as reimbursement for attorney's fees and costs. (Doc. 174) Pursuant to the terms of the settlement agreement, the Debtor filed a notice of voluntary dismissal of appeal with the district court. Regency's appeal was later dismissed by the district court on January 7, 2005, for failure to prosecute, including failure to arrange filing of the transcript and failure to file a brief. (Doc. 176). P.C.D. now argues that it is entitled to recover from Regency various attorney's fees and costs they incurred after the Contract was entered into, including those fees and costs incurred throughout the pendency of this case. P.C.D. initially asked for attorney's fees and costs from both the Debtor and Regency, but since they have settled with the Debtor, they now proceed solely against Regency.

**DISCUSSION**

The issue before me is whether or not P.C.D. may recover attorney's fees and costs from Regency. In actions in federal courts, each party bears its own attorney's fees and costs under the American Rule principle. *Alyeska Pipeline Serv. Co. V. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Thus, attorney's fees are usually not recoverable by the prevailing party in an action in federal court except by contract or by statute. In addition, when this Court applies Florida state law to resolve litigation, as it has in this adversary proceeding, it must also apply the American Rule, as it is "an elemental principle of law" in Florida that a prevailing party is only entitled to attorney's fees if a statute or contract provides for such fees. *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004)(citations omitted). P.C.D. argues that both contractual and statutory bases exist that allow for an award of fees and costs.

First, P.C.D. argues that Regency is liable under the terms of the Contract for attorney's fees. The provision that forms the basis of P.C.D.'s claim for contractual attorney's fees is Paragraph 11 of the Contract, which reads as follows:

> 11. ATTORNEY'S FEES AND COSTS: In any claim or controversy arising out of or relating to this Contract, the prevailing party, which for purposes of this provision will include Buyer, Seller and Broker, will be awarded reasonable attorneys' fees costs and expenses.

However, as Regency pointed out, it is not a party to the Contract. According to the language of

the Contract, the "prevailing party" only pertains to the "Buyer, Seller, or Broker." P.C.D.'s reliance on authority enlarging the meaning of the word "party" is misplaced because the courts in those cases are referring to parties to a lawsuit, not parties to a contract. *See, e.g., Lage v. Blanco*, 521 So.2d 299, 300 (3d DCA Fla. 1988).

The fact that Regency may have had some rights arising from the Contract due to its status as first lienholder does not make Regency a formal party to the Contract. *See, Gwen Fearing Real Estate, Inc. V. Wilson*, 430 So.2d 589, 591 (4th DCA Fla. 1983)(holding broker not a party to a purchase contract, and therefore not liable for attorney's fees, even though provision providing for payment of the broker's commission was contained in the contract). Likewise, seeking its own affirmative relief in the Complaint does not make it a party to the Contract. "A contract cannot bind one who is not a party thereto," because in order to create an enforceable contract, there must be "reciprocal assent to a certain and definite proposition." *Donner v. Anton*, 364 So.2d 742, 749 (3d DCA Fla. 1978)(*citing Strong & Trowbridge Co. V. H. Baars & Co.*, 60 Fla. 253, 54 So. 92 (Fla. 1910). Regency did not sign the Contract in any capacity and is therefore clearly not a party to it. If a claim for attorney's fees is based on a contract, and there is no contract, it is not possible for a claim to *arise from the contract*, as required for a recovery of such fees under Paragraph 11 of the Contract. *Florida Medical Center, Inc. v. McCoy*, 657 So.2d 1248, 1251 (4th DCA Fla. 1995). Accordingly, P.C.D. may not recover attorney's fees or costs from Regency based on the Contract.

Next, P.C.D. asserts two other theories under which they argue they may recover attorney's fees and costs from Regency. The first, a theory of equitable subrogation, is wholly unsupported by any authority. P.C.D claims that Regency should "stand in the shoes" of the Debtor and therefore be liable for the Debtor's debts (which they argue would include attorney's fees and costs in this case under the Contract). Equitable subrogation is appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a

third party. *Nova Information Systems v. Greenwich Ins. Co., NAC*, 365 F.3d 996, 1005 (11th Cir. 2004)(*citing Dade County Sch. Bd. V. Radio Station WQBA*, 731 So.2d 638, 646 (Fla. 1999). The party that paid the other's debt is then able to stand in the shoes of the party whose debt it paid and receive that party's rights. *Id*. No party here has paid a debt for attorney's fees or costs on behalf of any other party. Therefore, the doctrine of equitable subrogation is inapplicable in this case.

Statutory attorney's fees under Fla. Stat. § 57.105 is the second basis for recovery of fees and costs that was raised by P.C.D. for the first time at the hearing. First of all, this section is not an appropriate basis for an award of fees and costs in this Court because Section 57.105 only applies to actions brought in Florida state courts. However, Section 57.105 is analogous to Rule 9011 of the Federal Rules of Bankruptcy Procedure, which provides a statutory basis for attorney's fees as sanctions for harassing or frivolous actions not supported by facts or law. P.C.D. did not bring a Motion under Rule 9011 for sanctions, and, in any event, no evidence has been presented regarding any pleadings or behavior of Regency that would rise to the level of being sanctionable under Rule 9011. Therefore, any attempt by P.C.D. to recover attorney's fees and costs under Fla. Stat. § 57.105 or Rule 9011 must fail.

Finally, P.C.D. asserts that Rule 8020 of the Federal Rules of Bankruptcy Procedure provides a statutory basis for this Court to award them attorney's fees and costs from Regency. Rule 8020 provides for damages and costs in the event of frivolous appeals to the district court. However, P.C.D.'s request for an award under Rule 8020 is not properly before this Court. In order to recover damages and costs for a frivolous appeal, Rule 8020 requires that the party seeking the award bring a separate motion before the *district court* for such damages and costs. *See, e.g., In re Parsons*, 272 B.R. 735, 757-58 (D. Colo. 2001). The *district court* then considers such a motion and makes a determination of whether or not an appeal is frivolous.

Based on the foregoing, I hold that Regency is not obligated to pay P.C.D.'s attorney's fees. Under the American Rule, each party to a lawsuit must bear its own costs absent a

contractual or statutory provision to the contrary. I conclude that there was no contract between P.C.D. and Regency and no appropriate statutory basis for an award of attorney's fees or costs in this case.

Accordingly, it is hereby ORDERED AND ADJUDGED that P.C.D.'s Motions for Award of Attorney's Fees and Costs is DENIED.

DONE AND ORDERED in Tallahassee, Florida, on March 22nd, 2005.

_____
Lewis M. Killian Jr.
United States Bankruptcy Judge

cc:  Jeffrey Dollinger
     Steve Berman
     Ed Rude
     Karen Specie
     Eilon Krugman-Kadi
     United States Trustee